FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 MAR 25  P 4: 05

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAKSYM VLADIMIR | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB-13-697 |
| SECRETARY OF THE TREASURY, BEN BERNANKE, Chairman of the Federal Reserve Board, and WELLS FARGO BANK | * | |
| Defendants. | * | |

## MEMORANDUM

Maksym Vladimir filed this complaint *pro se* in which he states "[d]emand is made for redeemed lawful money in all transactions pursuant to Title 12 USC § 411 and § 16 of the Federal Reserve Act of 1913" (ECF No. 1). He indicates that his "cause of action" is to establish a public record of "demand for Lawful Money to prevent any claims against petitioner to the contrary" and to "ensure [i]mplicit recognition of demand on all transaction [*sic*] including but not limited to electronic or paper checks, deposits, withdrawals or transfers." *Id.*

Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a "'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what ... the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the court is mindful that the pleadings of self-represented litigants are accorded liberal construction, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and courts are charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980), liberal

construction does not mean a court can ignore a clear failure to allege facts that set forth a cognizable claim, *see Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Even under the liberal standard of review for *pro se* pleadings, the complaint fails to set forth a discernible cause of action to which a defendant could respond.

    A separate order will issue dismissing the complaint.

BY THE COURT:

_____
James K. Bredar
United States District Judge

3/25/13